5 317
64 449

5h 317.
76 AD¹313

## LUCINDA RUTHERFORD, PLAINTIFF, v. SAMUEL O. HOLMES, DEFENDANT.

*Contempt — power to punish for — refusal of witness in Justice's Court to answer question — power of justice to punish for.*

The power to punish for contempt is, in its nature, an exception to the provisions of the Constitution, and it cannot be extended, in the least degree, beyond the limits which have been imposed by statute.

A justice of the peace has no power to treat as a contempt the refusal of a witness, examined before him, to answer a question.

A justice has no power to commit a witness for a refusal to answer a question in accordance with the provisions of 2 Revised Statutes, 274, section 204, until the party at whose instance the witness attended shall have made the affidavit required by the said section.

The fact that the question is put upon the cross-examination of one of the parties to the action, who has been examined as a witness in his own behalf, does not relieve the justice from compliance with this requirement of the statute.

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term.

This is an action for false imprisonment. The imprisonment is not denied. The defense is, that the defendant was a justice of the peace; that the plaintiff was a witness on a trial before him, and that he caused her to be imprisoned for refusing to answer a question. The plaintiff in the present action was nonsuited.

*L. L. Bundy*, for the plaintiff. Justice's Courts are of special and limited jurisdiction, and their authority must be strictly pur-

sued, and can take nothing by implication. ( *Way* v. *Carey*, 1 Caines, 191 ; *Jones* v. *Reed*, 1 Johns. Cases, 20 ; *Wells* v. *New-kirk*, id., 228 ; *Bigelow* v. *Stearns*, 19 Johns., 39 ; *The People* v. *Koeber*, 7 Hill, 39, 41, and cases cited.) Here the defendant had no jurisdiction to issue this commitment until the statutory requirements were complied with. (*Horton* v. *Auchmoody*, 7 Wend., 200 ; *Evertson* v. *Sutton*, 5 id., 281 ; *Yates* v. *Lansing*, 5 Johns., 282 ; *Blythe* v. *Tompkins*, 2 Abb., 468 ; *Clark* v. *Hold-ridge*, 58 Barb., 61, 71.) Jurisdiction in such cases is not to be presumed, but must be proved. (7 Hill, above cited, 41 ; *Comfort* v. *Fulton*, 39 Barb., 56.) A justice is liable in an action for false imprisonment, for issuing an execution against the person without proof. (*Percival* v. *Jones*, 2 Johns. Cases, 49.) And also for issuing a warrant in a bastardy proceeding without an application from an overseer of the poor. (*Bigelow* v. *Stearns*, 19 Johns., 39 ; *Sprague* v. *Eccleston*, 1 Lans., 74 ; 1 Colby Crim. Law, 169 ; 2 id., 277, 278 ; *Gold* v. *Bissell*, 1 Wend., 213 ; *Barnes* v. *Harris*, 4 N. Y., 375 ; *People* v. *Webster*, 14 How., 246, 247 ; *Hall* v. *Munger*, 5 Lans., 103.) The warrant of commitment was void for want of a seal. The term warrant implies a seal, except where the seal has been dispensed with by statute. (1 Colby, 141 ; *Beekman* v. *Traver*, 20 Wend., 67 ; *Smith* v. *Randall*, 3 Hill, 495 ; *People* v. *Holcomb*, 3 Park. Cr., 656, 664, and cases cited.)

*William Gleason*, for the defendant. The act complained of in this case was a judicial determination in a proceeding in which the justice had jurisdiction, and he was not liable for his judgment, however erroneous or wrongful his determination may have been. ( *Weavar* v. *Devendorf*, 3 Denio, 120 ; 1 Cow. Tr. [3d ed.], 39 ; Tracy & Cowen's Treatise, §§ 17, 18, 1247 ; 1 Wait's Law and Practice, 737 ; 2 id., 645, 647 ; 5 Johns., 282, 291, 295 ; 9 id., 395 ; 8 Cow., 178 ; 17 Johns., 145 ; 3 Cow., 206 ; 37 N. Y., 513 ; 4 Abb. [N. S.], 469 ; 35 N. Y., 238, 246 ; 43 id., 186 ; 24 Barb., 419 ; 6 Hill, 44, 46 ; 6 Barb., 621, 631 ; 7 Wend., 200.) The determination of the justice could not be contradicted. (6 Barb., 626–631.) Nor could plaintiff show that the question was improper. (5 Hill, 165 ; 7 Abb. Pr., 96, 103.) The conviction of the contempt is in due legal form, and according to the approved precedents. (1 Wait's

Law and Prac., 73, §§ 205, 206; 2 id., 647; 3 R. S. [5th ed.], 461, §§ 205, 206.) That portion of the section, as to the oath of materiality, must be read as applicable to a witness refusing to be sworn or to testify for the party who called him — and she is estopped from saying she is not material, when she has offered herself and been sworn and has testified in her own favor — and it was for the justice to determine whether the question on cross-examination was pertinent and proper (as in 12 Abb., 151), and that he did, as part of his decision and judgment. If the statute is not full as to every particular in regard to this or any other contempt, the justice is remitted to the common-law jurisdiction, he keeping as near to the statute in like cases as circumstances will reasonably permit. (*Robbins* v. *Gorham*, 26 Barb., 592–594; 2 Hun, 226, 229.) There is no statute requiring the mittimus to be under seal, and none of the precedents require or indicate that one be used. (3 R. S., 454, § 158; id., 993; 19 Abb., 579; 5 Park., 651; 42 Barb., 215; 2 Wait's Law and Prac., 644, 647; 2 Cow. Tr. [3d ed.], 270, 273.)

LEARNED, P. J.:

The power which courts possess of punishing for contempts, and for refusal to give evidence, is, in its nature, an exception to the provisions of the Constitution. It is a power to deprive a man of his liberty, without a jury and without a regular trial. It cannot therefore be extended, in the least degree, beyond the limits which have been imposed by statute. No implication, and no fancied necessity, can be permitted to add to the literal meaning of the words by which the legislature have restricted this power. And this is especially true of all tribunals which are not courts of general jurisdiction.

Justices of the peace possess powers, in this respect, far inferior to those of courts of record. The statute authorizes them to punish for certain criminal contempts: such as disorderly conduct when a justice is engaged in the trial of a case, and the like. (2 R. S., [m. p.] 273, § 199 [274].) This section does not include a refusal to answer a question or to give evidence. A subsequent section gives the only power which a justice of the peace has to compel a witness to answer. And it is worthy of notice that this section does not even designate this refusal a contempt of court. From

this it may be inferred that the legislature were careful to avoid any language which might imply that a justice of the peace might ever punish " *as for contempt.*" The section is as follows : " When a witness, attending before any justice in any cause, shall refuse to be sworn in any form prescribed by law, or to answer any pertinent and proper question, and the party at whose instance he attended shall make oath that the testimony of such witness is so far material, that, without it, he cannot safely proceed in the trial of such cause, such justice may, by warrant, commit such witness to the jail of the county." (2 R. S., [m. p.] 274, § 204 [279].) Thus it will be seen that the justice has no power whatever until the party, *at whose instance the witness attended,* shall have made the prescribed affidavit. And this affidavit must state that the testimony is so far material, that, without it, the party cannot safely proceed in the trial. Now, in the present case, there was no affidavit made whatever. And therefore the justice had no authority to imprison the witness. ·(*People* v. *Webster,* 14 How., 242.)

It was urged, on the argument, that, under the circumstances, such affidavit was not needed. The witness (the present plaintiff) was a party to the action before the justice. She had offered herself as a witness in her own behalf and had testified. On the cross-examination she refused, as is alleged, to answer a question.

It is urged, that as she was attending at *her own* instance, and as the question was put by the opposite party, the affidavit could not be required. But the language of the statute is explicit. And although the objection seems to present a difficulty in the case of a refusal to answer a question under cross-examination, still we cannot enlarge the clear and plain words which require an affidavit from the party *at whose instance* the witness attended. Possibly the legislature did not consider that the testimony brought out on cross-examination was sufficiently material and necessary to make it best to extend the justice's power to such a case. Or it might have been thought that if the party considered the evidence of the witness necessary, he could subpœna the witness and put the proper question on a direct-examination. Thus he would be the party at whose instance the witness attended. It is enough, however, for the present case, that no affidavit was made by any one, and that the justice had therefore no jurisdiction.

The defendant insists that the warrant is an adjudication of the truth of the facts, and is conclusive. Even if this were so, the warrant does not allege that the prescribed affidavit was made. So that there is no proof whatever of such an affidavit, even on the defendant's view of the case, and the contrary is expressly proved by the plaintiff.

The circumstances of this case show the necessity of confining within strict limits the exercise of a power so arbitrary. The witness, a woman not in good health, about fifty years old and the mother of several children, was taken in a skeleton buggy, at the hour of midnight, or later, from the justice's office, eighteen miles to the county jail, distant twenty-four miles from her home. It was the twentieth of September and the weather was cold; she reached the jail before sunrise, and the effect was such that a physician had to be called to attend her. And the counsel whose question she is alleged to have refused to answer was the brother of the justice who committed her. The question ought to have been very material, and the answer *absolutely* necessary, to justify such severe proceedings.

It is not necessary to examine the other questions presented. There must be a new trial, costs to abide the event.

Present — LEARNED, P. J., BOARDMAN and JAMES, JJ.

New trial granted, costs to abide event.